IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SPENCER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT TRITT, et al., | : | NO. 13-3909 |
| Respondents. | : | |

ORDER

AND NOW, this 18th day of December 2013, upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Doc. No. 6), this Court's previous Order approving and adopting the Report and Recommendation (Doc. No. 7), and Petitioner John Spencer's Objections to the Report and Recommendation (Doc. No. 8), and upon careful and independent review of Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), it is hereby ORDERED as follows:

1. This Court's previous Order approving and adopting the Report and Recommendation (Doc. No. 7) is VACATED.

   Under Local Civil Rule 72.1.IV(b), any party may object to a magistrate judge's report and recommendation "within fourteen (14) days after being served with a copy thereof." The Report and Recommendation ("R&R") in this case was filed on October 30, 2013. (R&R, Doc. No. 6.) Pursuant to the prison mailbox rule, John Spencer's objections were due in the prison mail system no earlier than November 13, 2013. Cf. Spencer v. Beard, 351 F. App'x 589, 590 (3d Cir. 2009) (per curiam) (finding that a prisoner filed timely objections to the magistrate judge's report and recommendation where the objections were "dated one day before the deadline"). Spencer dated his objections November 11, 2013. (Pet'r's Objs., Doc. No. 8.) We will therefore consider Spencer's objections as having been timely filed.

2. The Report and Recommendation (Doc. No. 6) is APPROVED and ADOPTED.

   The Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).
   In his objections, Spencer argues that the evidence presented at trial was insufficient to support his state-law convictions for various reasons. (Pet'r's Objs. ¶¶ 1–6.) All of these arguments must fail because "a state court's interpretation of state law . . . binds a federal

court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005); see also Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)).

> Spencer was convicted of violating two Pennsylvania laws.  (Pet'r's Pet. Under 28 U.S.C. § 2254, Doc. No. 1.)  The Pennsylvania Superior Court has already reviewed Spencer's convictions, holding that "the inferences drawn by the trial court from the circumstantial evidence supporting the convictions were reasonable, and evidence was presented to satisfy each element of the crimes charged." Commonwealth v. Spencer, No. 1266 EDA 2012, slip op. at 11 (Pa. Super. Ct. Jan. 15, 2013).  The Superior Court's decision is binding on this Court.

> Spencer's habeas petition must be dismissed because he has not shown that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

3. The Petition (Doc. No. 1) is DISMISSED with prejudice and without a hearing.

4. A certificate of appealability SHALL NOT issue.

                                                       BY THE COURT:

                                                       /s/ Legrome D. Davis

                                                       Legrome D. Davis, J.